## Smith *versus* City of Allegheny.

1. By the Act of May 20th 1871 the lien filed for grading a street, is prima facie evidence of the claim of the city.

2. Damages suffered by a defendant in re-grading a street cannot be set off against an assessment. By the 22d section of the Act of April 1st 1870 a specific remedy is provided for the recovery of such damages, to which the defendant must be confined.

November 11th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Error to the Court of Common Pleas No. 2, of *Allegheny county* : Of October and November Term 1879, No. 60.

Scire facias sur municipal lien filed by the city of Allegheny against George W. Smith.

This claim was for an assessment of $555.62, on a lot owned by the defendant on Boyle street, and extending along Fairmount street in the city of Allegheny, on account of the grading, paving and curbing of said Fairmount street.

At the trial before Kirkpatrick, J., the plaintiff offered in evidence the Act of April 1st 1870, Pamph. L. 755, whereby the improvement of the streets of Allegheny was authorized, the ordinance for the improvement and the Act of May 20th 1871, Pamph. L. 1032, and then offered the lien which had been filed in this case.

[Smith v. City of Allegheny.]

The defendant objected, and the court overruled the objection. (First assignment of error.)

It was then proposed to be proved by the testimony of the defendant, "that the city of Allegheny established a grade for Fairmount street on or about the level with Boyle street. That the street was so graded, and the defendant was assessed to pay to the city of Allegheny the cost and expenses of the grading of the first grade; that since that time they have established a new grade, for which the assessment is now made; that they have erected a stone-wall debarring him from Henderson street; that they have left a little alley by which he can pass into his own house. That this change in the grade has depreciated his property at least one-half in value, rendering it almost uninhabitable. This for the purpose of showing that he has already paid all that can be legally charged upon him for the grading and improvement of Fairmount street."

Objected to as immaterial and irrelevant, and further, that if the defendant is injured by the change of grade he has his remedy under the Act of 1870. Objection sustained and evidence excluded. (Second assignment.)

Verdict for plaintiff, when defendant took this writ and alleged that the court erred in admitting in evidence the plaintiff's lien and excluding defendant's evidence.

*Thomas M. Marshall,* for plaintiff in error.—The affidavit of defence clearly denies the lawful assessment for grading, and sets out definitely that this claim was for re-grading, which it is expressly provided by the sixth section of the Act of April 1st 1870, should be paid by a general tax. Our purpose was to show that this improvement was re-grading, and, therefore, to be paid by a general tax, and not by an assessment per foot front.

*W. B. Rodgers,* City Solicitor, *contra.*—The lien was prima facie evidence of the claim: Act of May 20th 1871, Pamph. L. 1032; Northern Liberties v. St. Johns Church, 1 Harris 104; Philadelphia v. Esau, 10 Phila. R. 425.

We had no objection to the defendant below showing that the lien included the cost of re-grading. The counsel, however, chose to stand on his offer.

If the offer had been limited to the cost of re-grading it would have been admissible. However, if any portion of it was intended to refer to re-grading it went beyond that, and proposed to show that defendant was injured by the change of grade. An offer to show damage by change of grade was inadmissible: Section 22 of Act of 1st April 1870, Pamph. L. 755.

The judgment of the Supreme Court was entered November 24th 1879,

[Smith *v.* City of Allegheny.]

PER CURIAM.—By the Act of 20th May 1871, Pamph. L. 1032, the lien filed shall be prima facie evidence of the claim, subject to be rebutted by any matter of defence set up in the defendant's affidavit. The offer of the defendant was too broad. It comprehended what was clearly inadmissible in this proceeding—to show the damages suffered by the defendant by the re-grading. By the 22d section of the Act of 1st April 1870, Pamph. L. 755, a specific remedy was provided for the recovery of such damages, to which the defendant must be confined.

Judgment affirmed.